FILED
NOV 19 2007
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
District of Virginia

| | |
|---|---|
| COREY E. JOHNSON,<br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>    Respondent | CASE NO: 3:07CV731 |

**PETITION FOR A WRIT OF HABEAS CORPUS**
**PURSUANT TO TITLE 28 U.S.C. ss: 2254**

**COMES NOW THE PETITIONER,** Corey E. Johnson, through his undersigned counsel, Bryan Waldron, Esq., hereby files this Petition for a Writ of Habeas Corpus pursuant to Title 28 U.S.C. section 2254 in support of this Petition for relief states as follows:

STATEMENT OF THE CASE

On May 23, 2005, Corey E Johnson (hereinafter "Johnson" or Petitioner") was found guilty by a jury for two counts of Murder, a violation of Code of Virginia § 18.2-53.1 (2005), and two counts of use of a firearm in the commission of a felony, a violation of Code of Virginia 18.2-53-1 (2005). The Honorable Robert D. Taylor presided over the jury trial. The jury found the appellant guilty of both counts of first degree murder, and both counts of using a firearm. Petitioner was sentenced to the maximum penalty of two life sentences plus eight years incarceration by the jury. The Petitioner waived the


RECEIVED
NOV 19 2007
STAFF ATTORNEY
RICHMOND, VA

preparation of a presentence report and Judge Taylor entered the sentence of the jury on May 23, 2005.

On the trial court level, Petitioner moved to suppress certain key portions of the witness' testimony. Petitioner alleged that the witness' contradictory testimony, inability to observe and accurately recall the events due to poor eyesight, and likely inebriation, in total, were factors tending to confuse the witness as to the events comprising the matter that was then before the court. On May 23, 2005, the trial court denied Petitioner's motion to suppress. Therefore, Petitioner rights were violated under the Sixth Amendment to cross-examine. Petitioner was convicted and sentenced to the maximum penalty of two life sentences plus eight years in the custody of the Virginia Department of Corrections.

## JURISDICTION OF THIS COURT

1. The Petitioner is currently in custody in the Sussex I State Prison in Waverly, Virginia.
2. Petitioner argues that the State of Virginia is holding him in custody in violation of the Constitution or laws of the United States.

## ARGUMENT

Pursuant to U.S.C. §2254, a writ of habeas corpus is available on the basis that the petitioner's conviction or sentence violated the Constitution, laws, or treaties of the United States. In the seminal case of Brown v Allen, 344 U.S. 443, 458, 73 S.Ct. 397, 97 L. Ed. 469 (1953), the Supreme Court held that all federal constitutional rights that have been incorporated through the Fourteenth Amendment Due Process Clause and thereby

made applicable to the states are cognizable on federal habeas corpus claims and that a habeas corpus petitioner can press such claims even if they had been fully and fairly adjudicated in the state courts.

It is true that federal habeas review is generally not available to correct errors of state law. See, e.g., Estelle v McGuire, 502 U.S. 62, 71-72, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); Gerlaugh v Stewart, 129 F. 3d 1027, 1032 (9th Cir. 1997), cert. denied, -- U.S. --, 119 S. Ct. 237, 142 L.Ed. 2d 195 (1998). Where the state creates a liberty interest, however, it is not correct to say that the question is "merely a matter or state procedural law." Hicks v. Oklahoma, 447 U.S. 343, 346, 100 S. Ct. 2227, 65 L. Ed.2d 175 (1980). "The failure of a state to abide by its own statutory commands may implicate a liberty interest protected by the Fourteenth Amendment against arbitrary deprivation by a state." Fetterly v. Paskett, 997 F.2d 1295, 1300 (9th Cir. 1991). Moreover, federal due process may be violated where the State introduces evidence that so "fatally infects the proceedings as to render them fundamentally unfair." Jammal v. Van de Kamp, 926 F. 2d 918, 919 (9th Cir. 1991). See generally Dowling v United States, 493 U.S. 342, 352 (1990) ("We…have defined the category of infractions that violate 'fundamental fairness' very narrowly,").

The Petitioner argues that his continued incarceration based upon the above referenced conviction is result of a violation of his Sixth Amendment rights. Therefore is a Fourteenth right which prohibit identification testimony that derives from suggestive procedures that have led to irreparable mistaken identification. Petitioner's conviction was solely based upon witness testimony, and evidence presented at trial that did not meet the evidentiary burden of proof beyond a reasonable doubt. Petitioner was denied

his Sixth Amendment right to confront, and the opportunity to cross-examine and impeach witness testimony, as applied to the use of the video tape evidence submitted by the prosecution. The video tape of the crime was not able to be enhanced to actually determine the identity of the assailant, and it revealed that the shooter used his left hand to shoot the victims. Additionally, the testimony of the eyewitness was inconclusive with regard to the assailant's identity. The eyewitness identified Petitioner in a photo line-up after he saw him in the newspaper.

Petitioner contends that he was denied his Fourteenth Amendment right to due process, Sixth Amendment right to effective assistance of counsel based upon, but not limited to, the following allegations of error:

I. The court failed to meet the evidentiary burden of proof beyond a reasonable doubt in order to authorize a conviction.

II. Trial counsel failed to investigate the case, and suppress material evidence in the hands of the prosecutor.

A Memorandum of Law in Support of Petitioner's allegations is attached.

**WHEREFORE ALL PREMISES CONSIDERED** the Petitioner prays that his Writ of Habeas Corpus be granted, that the conviction and sentence in the instant matter be vacated, and the Petitioner be released forthwith.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 16th day of November, 2007, a true and correct copy of the foregoing was mailed, postage pre-paid, to:

Bryan Waldron, Esq.

Butler Legal Group, PLLP
818 18th Street, Suite #630
Washington, DC 20006
Telephone: (202)223-6767
Facsimile: (202)223-3039

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF VIRGINIA

COREY E. JOHNSON,            )
                Petitioner,   )        CASE NO:
                           )
vs.                          )
                           )
                           )
UNITED STATES OF AMERICA,    )
                Respondent  )
_____)

## MEMORANDUM OF LAW IN SUPPORT OF A
## WRIT OF HABEAS CORPUS

### ERROR 1

### FAILURE TO MEET EVIDENTIARY BURDEN

*Nicholas v Commonwealth*, 91 Va. 741, 21 S.E. 364, states:

"Where the criminal agency of the accused is to be established by circumstantial evidence, it can only be done by proving the circumstances. In every criminal prosecution there are two fundamental and essential facts to be established: First, that the party alleged to have been murdered is dead; and, second, that the death was brought about by the criminal agency of another. The corpus delicti is a material fact to be established in every criminal prosecution. In <u>Smith v. Commonwealth, 21 Gratt. [62 Va.] 809,</u> this court says: 'The material fact in every criminal prosecution is the corpus delicti. Proof of the charge in criminal cases, involves the proof of two distinct propositions:

First, that the act itself was done; and, secondly, that corpus delicti has two components- death as the result, and the criminal agency of another as the means. It is only when the first (that is death by criminal violence) has been proved either by direct evidence of witnesses who have seen and identified intense as to produce the full assurance of moral certainty, that the other (the criminal agency) can be established by circumstantial evidence.'" Emphasis added. See also, Dean v. Commonwealth, 32 Gratt. [73 Va.] 912.

In this case, Forensic Detective Dan Minton collected eight .40 caliber Smith & Wesson cartridge casings from the murder scene. A search warrant was executed on Petitioner's home where Detective Minton recovered a .40 caliber magazine loaded with eight .40 caliber Smith & Wesson cartridges from Petitioner's bedroom. (TR. 65)

Wendy Gibson, the firearms expert, testified that the eight casings and bullets recovered from the scene and the victims were fired from one firearm. D. Gormely, the medical examiner, testified that the two victims died from multiple gunshot wounds. This testimony was circumstantial as no gun was ever found. Also, there were no fingerprints on the casings recovered at the crime scene.

Mr. Huff testified during cross examination:

Q: Well, would you be surprised to know that individual shows the shooter like this and then running away? Is that about what you saw?

A: I recognized his face.

Q: After the shooting?

A: Yes, sir.

Q: Well, but his back was to you then, wasn't he?

A: I saw his face and then he turned around and ran.

Q: Did he look at you over where you were?

A: No, sir.

Q: And you didn't see him while the shooting was going on?

A: No.

Q: Did you notice a pistol in his hand?

A: No, I did not.

During the second eyewitness Simms testimony, he was not sure whether the shooter was right handed or left handed. (Tr. 126). Trial counsel asked the court to play the video to show some discrepancies in Mr. Simms testimony. The prosecutor objected to trial counsel playing the video tape. To authorize a conviction for homicide, the evidence must be sufficient to show or to warrant the conclusion that the death resulted from the criminal act or agency of another and was not the result of an accident or natural causes or was not the result of an act of the deceased. 41 C.J.S. Homicide § 456. The fact that the death occurred as the result of a criminal act or agency of another must be shown beyond a reasonable doubt in order to authorize a conviction. Id. The evidence presented in this case is not justifiable. Therefore, the conviction violated Petitioner's Due Process Rights.

**ERROR 2**

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In a long line of cases that include: *Powell v. Alabama*, 287 U.S. 45 (1932), *Johnson v. Zerbst*, 304 U.S. 458 (1938), and *Gideon v. Wainwright*, 372 U.S. 335 (1963), this Court has recognized that the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial. The Constitution

guarantees a fair trial through the Due Process Clauses, but it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment, including the Counsel Clause:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense."

Thus, a fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding. The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the "ample opportunity to meet the case of the prosecution" to which they are entitled.

Because of the vital importance of counsel's assistance, this Court has held that, with certain exceptions, a person accused of a federal or state crime has the right to have counsel appointed if retained counsel cannot be obtained. That a person who happens to be a lawyer is present at trial alongside the accused, however, is not enough to satisfy the constitutional command. The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted by an

attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair.

For that reason, Courts have recognized that the right to counsel is the right to the effective assistance of counsel. Government violates the right to effective assistance when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense. See, e.g., *Geders v. United States*, 425 U.S. 80 (1976) (bar on attorney-client consultation during overnight recess); *Herring v. New York*, 422 U.S. 853 (1975) (bar on summation at bench trial); *Brooks v. Tennessee*, 406 U.S. 605 (1972) (requirement that defendant be first defense witness); *Ferguson v. Georgia*, 365 U.S. 570 (1961) (bar on direct examination of defendant). Counsel, however, can also deprive a defendant of the right to effective assistance, simply by failing to render "adequate legal assistance," *Cuyler v. Sullivan*, 446 U.S., at 344 (actual conflict of interest adversely affecting lawyer's performance renders assistance ineffective).

First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland v. Washington*, 466 US 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984)

Second, the Petitioner must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were as serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id*. To demonstrate such prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*.

In the instant matter, there is *more* than a reasonable probability that there would have been no conviction had trial counsel effectively investigated the case and suppressed material evidence in the hand of the prosecutor. The prosecution must disclose evidence that is material to either guilt or to punishment irrespective of the good or bad faith of the prosecution. See, e.g., Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 U.S. Md. (1963). The disclosure rule is applicable though the alleged nondisclosure is negligent or passive rather than willful. *Id*. The Prosecution must disclose such evidence even when there has not been a request for the information by the defense. *Id*.

Trial counsel never obtained a copy of the European Market video surveillance tape in the possession of the Prosecutor, which captured the assailant at the time of the crime. Failure to investigate material evidence in the hands of the prosecution and law enforcement constituted deficient performance and his deficient performance prejudiced the defense so as to deprive the defendant of a fair trial with a reliable result. The police interview conducted between the Petitioner and Detectives C. Jackson and Lt. Venuti, of the Richmond Police Department states, "Beside that, that's one camera, there was another camera on the European Market parking lot captured you coming through the parking lot and passing some people. ( p. 2). Also, Page 4 of the police interview states, "and that's just one video camera, your captured on the BP Station camera and then you are captured on the European market camera." It's one continuous act; you are running across Meadow St through the alley, coming through the parking lot and all that's on video." Page 9 of the police interview Detective C. Jackson says in reference to the European market video, "but to capture that you running on the parking lot which is

facing the camera. The camera right there captures you coming past and a couple putting their groceries in the car."

Trial counsel must conduct appropriate investigations, both factual and legally, to determine what matters of defense can be developed. The adversary system requires that all available defenses are raised so that the government is put to its proof. This investigation should always include efforts to secure information in the hands or possession of the prosecutor and law enforcement authorities. <u>U.S. v. DeCostes,</u> 487 F. 2d 1197 (D.C. Cir 1973). The uninvestigated evidence in the hands of the prosecution and/or law enforcement speaks directly to the weak reliability and creditability of the prosecution witnesses. The evidence is material for impeachment purposes which the defense could have use to conduct an effective defense and cross-examination. <u>U.S. v. Bagley.,</u> 473 U.S. 667 (1985). Trial counsel conduct did not fall "within the wide range of a professional competent assistant." <u>Strickland v. Washington,</u> 466 U.S. 668 (1984). Prosecution witness Otis Huff's testimony lacks reliability under the totality of the circumstances set out in <u>Neil v Biggers,</u> 409 U.S. 188 (1972). The evidence plainly suggests that the witness knew about the progress of investigation of the defendant because it was publicized.

Further, the defense was not able to demonstrate Simms' unreliability and lack of credibility because the defense was not allowed to impeach and rigorously test Mr. Simms testimony using the BP video tape evidence. The entire prosecution case rested on identification of the assailant.

The failure to investigate a critical source of material potentially exculpatory evidence in the hands of the prosecutor, presents a case of constitutionally defective representation.

If trial counsel had made a proper investigation prior to trial or if he had paid sufficient attention to the police reports that were turned over to him, he would have been able to effectively cross-examine the witness's in regards to clothing worn by the assailant, facial features, and the reliability and credibility of the prosecution witnesses. Trial counsel ineffectiveness denied the Petitioner of Due process, Equal Protection, and a fair trial as guaranteed by the U.S. Constitution.

WHEREFORE, the Petitioner requests that his conviction be vacated and that a hearing be held on the above Writ of Habeas Corpus.

Respectfully submitted,

*Elizabeth A. LaGier*

Elizabeth A. LaGier, Esq.
Butler Legal Group, PLLP
818 18th Street, Suite #630
Washington, D.C. 20006
Telephone: (202)223-6767
Facsimile: (202)223-3039