IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



COREY E. JOHNSON,

    Petitioner,

v.                                                                                Civil Action No. **3:07CV731**

LORETTA KELLY,

    Respondent.

## MEMORANDUM OPINION

Petitioner, by counsel, brings this petition for a writ of habeas corpus challenging his convictions in the Circuit Court for the City of Richmond ("Circuit Court"), for two counts of murder and two counts of use of a firearm in commission of those offenses. Petitioner contends that he is entitled to relief on the following grounds:

| | |
|---|---|
| Claim 1 | The evidence was insufficient to support Petitioner's convictions. |
| Claim 2 | Petitioner was denied the effective assistance of counsel by trial counsel. |
| Claim 3 | Petitioner's rights under the Confrontation Clause of the Sixth Amendment was violated.[1] |
| Claim 4 | The prosecutor engaged in misconduct. |

Respondent has moved to dismiss on the grounds that all of Petitioner's claims are procedurally defaulted.

## I. PROCEDURAL HISTORY

The Circuit Court entered final judgment on Petitioner's convictions and sentences on May 23, 2005. Petitioner then appealed his convictions to the Court of Appeals of Virginia and

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend VI.

raised Claims 1 and 3. The Court of Appeals of Virginia dismissed Claims 1 and 3 on the grounds that Petitioner's vague objections had not preserved the claims for appeal and thus consideration of the claims was barred by Virginia Supreme Court Rule 5A:18. That rule provides:

> No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

Va. Sup. Ct. R. 5A:18. Thereafter, on August 29, 2006, the Supreme Court of Virginia refused Petitioner's petition for appeal. Petitioner did not file a state petition for a writ of habeas corpus.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews*, 105 F.3d at 911 (*citing Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the

habeas petitioner has procedurally defaulted his federal habeas claim." *Id. (citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). Furthermore, a federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id. (quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court is precluded from reviewing the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

The Virginia courts refused to examine the merits of Claims 1 and 3 because Petitioner failed to comply with the contemporaneous objection rule set forth in Virginia Supreme Court Rule 5A:18.[2] Rule 5A:18 constitute and adequate and independent procedural rule. *See Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 2000). Petitioner contends that the ineffective assistance of counsel, which is set forth in Claim 2, constitutes cause to excuse his default.[3] As explained below, because Petitioner's ineffective assistance of counsel claim is also defaulted, it cannot serve as cause to excuse his default. *See Edwards v. Carpenter*, 529 U.S. 446, 450-51 (2000). Accordingly, Claims 1 and 3 will be DISMSSED.

Petitioner never presented Claims 2 and 4 to the Supreme Court of Virginia. If Petitioner were to now attempt to present Claims 2 and 4 to the Supreme Court of Virginia, that court

---

[2] Because the Supreme Court of Virginia summarily rejected Townsend's petition for appeal, it is presumed that it dismissed Claim II for the reasons stated by the Court of Appeals of Virginia. *See White v. Johnson*, No. 2:05cv365, 2006 WL 2520113, at *4 (E.D. Va. Aug. 25, 2006) (*citing Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

[3] It is less than clear whether Petitioner contends that ineffective assistance of counsel excuses his default of Claim 1.

would find the claims barred under Virginia Code Section 8.01-654(A)(2). That statute provides, in pertinent part, that "[a] habeas corpus petition attacking a criminal conviction or sentence ... shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. § 8.01-654(A)(2) (West 2008).[4] This statute of limitations constitutes an adequate and independent state procedural rule. *See Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006). Thus, Claims 2 and 4 are defaulted. Petitioner's vague, unsupported argument that the Court should overlook his defaults is rejected. Claims 2 and 4 will be DISMISSED. Respondent's motion to dismiss (Docket No. 12) will be GRANTED. The petition for a writ of habeas corpus will be DENIED. The action will be DISMISSED.

An appropriate Order shall issue.

Dated: AUG 2 8 2008
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge

---

[4] As previously noted, final judgment was imposed by the Circuit Court on May 23, 2005, and Petitioner's direct appeal concluded on August 29, 2006. Thus, any state petition for a writ of habeas corpus was required to be filed by August 29, 2007.