

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

**COREY E. JOHNSON,**

    Petitioner,

v.                                                           Civil Action Nos. **3:10CV086**
                                                                             **3:07CV731**

**LORETTA K. KELLY,**

    Respondent.

## MEMORANDUM OPINION

By Memorandum Order entered on August 28, 2008, the Court denied Petitioner's 28 U.S.C. § 2254 petition because the claims therein had been procedurally defaulted. *Johnson v. Kelly*, No. 3:07cv00731, 2008 WL 3992638 (E.D. Va. Aug. 28, 2008). Petitioner subsequently filed two motions for relief from that judgment, which the Court treated as successive petitions and dismissed pursuant to 28 U.S.C. § 2244(b)(3). *Johnson v. Kelley*, No. 3:09cv00515, 2009 WL 3672156 (E.D. Va. Nov. 4, 2009); *Johnson v. Kelley*, No. 3:09cv00369, 2009 WL 2448001 (E.D. Va. Aug. 6, 2009).

On February 10, 2010, the Court received from Petitioner a third motion for relief from the August 28, 2008 Judgment. Unlike Petitioner's previous motions, the current motion focuses only on the Court's application of a procedural bar, and is not a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005). Petitioner contends that the Court erroneously concluded that his § 2254 Petition was procedurally barred because the Virginia Court of Appeals misrepresented the events at trial.

Accordingly, the Clerk is DIRECTED to file Petitioner's latest motion in Petitioner's original habeas action, No. 3:07cv00731, and to close the action opened for Petitioner's latest submission, No. 3:10cv86.

Petitioner invokes Rule 60(b) without specifying any subsection. Because Petitioner argues that the Court committed a mistake of law, Rule 60(b)(1) applies. *See Taylor v. Com. of Va., Dep't of Transp.*, 170 F.R.D. 10, 11 (E.D. Va. 1996) (*citing Moeller v. D'Arrigo*, 163 F.R.D. 489, 492 (E.D. Va. 1995)); *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). All motions pursuant to Rule 60(b)(1) must be filed "no more than a year after the entry of the judgment or order" being challenged. Fed. R. Civ. P. 60(c)(1). Additionally, Rule 60(b)(1) motions asserting legal mistake as a ground for relief must be filed before the time to appeal has elapsed. *Moeller*, 163 F.R.D. at 493 (ruling that "the Court will not hear Rule 60(b)(1) motions alleging an error of law beyond the expiration of the time for appeal").

More than one year has elapsed since the Court rendered judgment in Petitioner's original habeas proceedings. Petitioner's motion for relief from that judgment is untimely, and will be DENIED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when

2

"reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

Date: 3-23-10
Richmond, Virginia