IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**COREY E. JOHNSON,**

    Petitioner,

v.                                                                                                        Civil Action No. **3:07CV731**

**LORETTA K. KELLY,**

    Respondent.

## MEMORANDUM OPINION

Corey E. Johnson, a Virginia prisoner proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). Johnson challenged his convictions in the Circuit Court for the City of Richmond of two counts of murder and two counts of use of a firearm in the commission of those offenses. By Memorandum Opinion and Order entered on August 28, 2008, this Court found that Johnson procedurally defaulted his claims and denied the § 2254 Petition. *See Johnson v. Kelly*, No. 3:07CV731, 2008 WL 3992638, at *1–2 (E.D. Va. Aug. 28, 2008). Thereafter, Johnson submitted a series of unsuccessful motions for relief under Federal Rule of Civil Procedure 60(b). The matter is before the Court on Johnson's latest motion for relief under Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion"),[1] which the Court received on August 27, 2012.

---

[1] Because Johnson's Rule 60(b) Motion challenges the propriety of the Court's determination that he defaulted his claims, rather than directly challenging the underlying convictions, the Rule 60(b) Motion fails to qualify as a successive 28 U.S.C. § 2254 petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005) ("If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules.").

The party seeking relief under Rule 60(b) must cross the "initial threshold," showing "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Once the movant has satisfied these requirements, he or she must then satisfy at least one of the six grounds for relief provided in Rule 60(b). Fed. R. Civ. P. 60(b).

Johnson contends that the Butler Legal Group, which initially represented him during his § 2254 proceeding, "committed fraud on the Federal District Court and was not acting as Petitioner's agent." (Rule 60(b) Mot. 2 (capitalization and punctuation corrected).) Johnson apparently seeks relief under Rule 60(b)(3).[2] "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Johnson filed his present Rule 60(b) Motion almost four years after the entry of the judgment he seeks to challenge. Therefore, Johnson failed to submit his request for relief under Rule 60(b)(3) in a timely manner. Accordingly, Johnson's Rule 60(b) Motion (ECF No. 48) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*

---

[2] The provision permits the Court to set aside a final judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).

*McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Johnson fails to satisfy this standard. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

It is so ORDERED.

Date: /-22-/3
Richmond, Virginia

/s/
James R. Spencer
United States District Judge