IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**COREY E. JOHNSON,**

    Petitioner,

v.                                                    Civil Action No. **3:07CV731**

**LORETTA K. KELLY,**

    Respondent.

## MEMORANDUM OPINION

Corey E. Johnson, a Virginia prisoner proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). Johnson challenged his convictions in the Circuit Court for the City of Richmond of two counts of murder and two counts of use of a firearm in the commission of those offenses. By Memorandum Opinion and Order entered on August 28, 2008, this Court found that Johnson procedurally defaulted his claims and denied the § 2254 Petition. *See Johnson v. Kelly*, No. 3:07CV731, 2008 WL 3992638, at *1–2 (E.D. Va. Aug. 28, 2008). Thereafter, Johnson submitted a series of unsuccessful motions for relief under Federal Rule of Civil Procedure 60(b). By Memorandum Opinion and Order entered on January 22, 2013, the Court denied another Rule 60(b) motion from Johnson.[1] *Johnson v. Kelly*, No. 3:07CV731, 2013 WL 245525, at *1 (E.D. Va. Jan. 22, 2013). The Court concluded that the Rule 60(b) Motion was untimely. *Id.*

---

[1] Because Johnson's Rule 60(b) Motion challenges the propriety of the Court's determination that he defaulted his claims, rather than directly challenging the underlying convictions, the Rule 60(b) Motion fails to qualify as a successive 28 U.S.C. § 2254 petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005) ("If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules.").

On February 4, 2013, the Court received a "MOTION TO AMEND JUDGEMENT" from Johnson wherein he challenges the Court's January 22, 2013 Memorandum Opinion and Order. Johnson contends relief is warranted under Federal Rule of Civil Procedure 59.

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Johnson fails to demonstrate that the Court committed a clear error of law in concluding that Johnson's last Rule 60(b) Motion was untimely. Nor does Johnson demonstrate any other basis for granting Rule 59(e) relief.[2] Accordingly, Johnson's "MOTION TO AMEND JUDGEMENT" (ECF No. 52) will be denied.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*

---

[2] *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))).

*McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Johnson fails to satisfy this standard. A certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

Date: 5-14-13
Richmond, Virginia

> /s/
> James R. Spencer
> United States District Judge