IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
APR 2 8 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**COREY E. JOHNSON,**

    Petitioner,

v.      Civil Action No. **3:07CV731**

**LORETTA K. KELLY,**

    Respondent.

## MEMORANDUM OPINION

Corey E. Johnson, a Virginia prisoner proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). Johnson challenged his convictions in the Circuit Court for the City of Richmond of two counts of murder and two counts of use of a firearm in the commission of those offenses. By Memorandum Opinion and Order entered on August 28, 2008, this Court found that Johnson procedurally defaulted his claims and denied the § 2254 Petition. *See Johnson v. Kelly*, No. 3:07CV731, 2008 WL 3992638, at *1–2 (E.D. Va. Aug. 28, 2008). Thereafter, Johnson submitted a series of unsuccessful motions for relief under Federal Rule of Civil Procedure 60(b).

On May 9, 2014, the Court received from Johnson a document that he labeled, "MOTION IN EQUITY" (ECF No. 63), wherein he once again sought to challenge the Court's dismissal of his § 2254 Petition. Johnson, however, failed to identify a rule or statute that would permit the Court to alter the August 28, 2008 Memorandum Opinion and Order at that late date. Accordingly, by Memorandum Order entered October 7, 2014, the Court denied the "MOTION IN EQUITY."

On October 17, 2014, Johnson filed a document labeled, "AMENDMENT OF JUDGMENT 59(D)" (hereinafter, "Rule 59(d) Motion," ECF No. 65). In that submission,

Johnson suggests that the Court can reopen this action under Federal Rule of Civil Procedure 59(d).[1] That rule provides:

> **(d) New Trial on the Court's Initiative or for Reasons Not in the Motion.** *No later than 28 days* after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.

Fed. R. Civ. P. 59(d) (emphasis added). At this late date, more than six years after the entry of the judgment, Rule 59(d) fails to provide a procedural vehicle for challenging the denial of his § 2254 Petition. Accordingly, Johnson's Rule 59(d) Motion (ECF No. 65) will be DENIED. The Court will DENY a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 4-28-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

---

[1] While Johnson suggests that his Rule 59(d) Motion merely seeks to amend the Memorandum Order entered on October 7, 2014, his demand to "open the case for a new and fair hearing," (Rule 59(d) Mot. 1, (capitalization corrected)), is clearly aimed at setting aside the August 28, 2008 dismissal of this action.

2