**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

COREY E. JOHNSON,

      Petitioner,

v.                                      Civil Action No. **3:07CV731**

LORETTA K. KELLY,

      Respondent.

**MEMORANDUM OPINION**

Corey E. Johnson, a Virginia prisoner proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). Johnson challenged his convictions in the Circuit Court for the City of Richmond of two counts of murder and two counts of use of a firearm in the commission of those offenses. By Memorandum Opinion and Order entered on August 28, 2008, this Court found that Johnson procedurally defaulted his claims and denied the § 2254 Petition. *See Johnson v. Kelly*, No. 3:07CV731, 2008 WL 3992638, at *1–2 (E.D. Va. Aug. 28, 2008). Thereafter, Johnson submitted a series of unsuccessful motions for relief under Federal Rule of Civil Procedure 60(b). On October 26, 2015, and November 6, 2015, the Court received from Johnson two more Rule 60(b) Motions (ECF Nos. 77, 78).

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207). Johnson seeks relief under Rule 60(b)(6), hence, under Federal Rule of Civil Procedure 60(c)(1) he was required to file his motion within a reasonable time after the entry of the August 28, 2008 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1)( "A motion under Rule 60(b) must be made within a reasonable time-and for

reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.") Johnson's Rule 60(b) Motions, filed more than seven (7) years after the entry of the challenged judgment, were not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))). Accordingly, the Rule 60(b) Motions (ECF Nos. 77, 78) will be DENIED. The Court will DENY a certificate of appealability.

An appropriate Order will accompany this Memorandum Opinion.

Date: 3 -25- 16
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge